ELSIE L. SWENSSON ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF MANCHESTER ET AL. (8485)

O'CONNELL, CRETELLA and LANDAU, Js.

Argued May 2—decision released August 28, 1990

*David A. Golas,* for the appellants (plaintiffs).

*Joel E. Janenda,* with whom was *Maureen A. Chmielecki,* town attorney, for the appellees (defendants).

CRETELLA, J. This appeal was taken by two abutting property owners from the judgment of the trial court affirming the decision of the defendant commission granting a subdivision application of the defendant J. Stewart (Stuart) Johnston.[1]

The several claims raised by the plaintiffs fall into three categories: (1) whether the commission was required to hold a public hearing on the application; (2) whether the trial court should have allowed the plaintiffs to present evidence in addition to that required to establish aggrievement; and (3) whether the trial court improperly permitted the commission to add additional transcripts to the record after completion of oral argument before the court. We affirm the judgment of the trial court.

Some background data about this case will be helpful. On June 2 and 5, 1987, Johnston applied to the commission for a subdivision of a certain parcel of land. The plaintiffs Elsie L. and Barbara L. Swensson, who own land abutting the proposed subdivision, sent letters to the commission through their attorney, David Golas, expressing concern and requesting a public hearing on Johnston's application. In their correspondence, the plaintiffs claimed that Johnston's application constituted a resubdivision and that a public hearing was

---

[1] Two different spellings of the defendant Johnston's middle name appear in the commission's return of record. The plaintiffs raised this fact as a claim on appeal to the trial court, but that court correctly rejected the claim.

therefore mandatory. Other than a bare assertion that the application involved a resubdivision, the plaintiffs submitted no specific data or facts to establish that the application met the definition of a resubdivision under General Statutes § 8-18.[2] The plaintiffs further stated that they were concerned that the subdivision would aggravate a traffic hazard, endanger underground water supplies and cause runoff onto their property.

At its business meeting on July 6, 1987, the commission considered whether to hold a public hearing on the application. The minutes of that meeting provide, in part, that the commission's director, Mark Pellegrini, "reviewed for the commission the two lot subdivision proposed by Johnston, explained the staff's previous conversations with members of the Swensson family and stated that the staff was carefully reviewing the subdivision for the concerns raised by the Swenssons. Pellegrini said that, on the basis of the information the staff had, this did not constitute a resubdivision. It was the consensus of the planning commission that a public hearing would not be required and was not necessary on this matter and advised the planning director to relay that decision to Attorney Golas." Thereafter, on July 13, 1987, Pellegrini sent a letter to Golas, informing him that no public hearing would be held on the application. On July 20, 1987, during another business meeting, the commission again discussed the question of whether a public hearing was required. At that meeting, it was determined that the parcel involved had not been part of any prior approved subdivision and the commission once more determined that no public hearing was necessary. It thereafter granted Johnston's application.

[2] General Statutes § 8-18 in pertinent part provides that " 'resubdivision' means a change in a map of an approved or recorded subdivision or resubdivision . . . ."

The plaintiffs then took an appeal to the trial court. At trial, the plaintiffs attempted to introduce evidence, not presented to the commission, relating to the traffic, water supply and runoff problems that had been mentioned in their letters to the commission. They also sought to introduce evidence that the commission had earlier denied a similar application regarding a parcel directly across the street from the applicant's property and sought to introduce a map and a deed relating thereto. The trial court excluded all of this evidence, stating that it was limited to reviewing the record and evidence that was before the commission. The court did take evidence to establish that the plaintiffs were abutting landowners and had statutory standing to prosecute their appeal pursuant to the provisions of General Statutes § 8-28.

During oral argument on March 14, 1989, the court gave an indication that one of the main issues relating to this appeal was the question of whether the application was for a subdivision or a resubdivision and what consideration the commission had given to that question.

Several weeks after the court had heard closing arguments, the commission discovered that there were transcripts of the business meetings in which Johnston's application had been discussed. On March 22, 1989, the commission filed a motion to complete the record, requesting that the transcripts of the business meetings be included in the trial court record. After a hearing on that motion, and over the objection of the plaintiffs, the court decided initially to place the transcripts under seal and eventually granted the motion permitting the transcripts to be made a part of the record.

I

The plaintiffs claim that the commission was required to hold a public hearing on Johnston's application. Gen-

eral Statutes § 8-26 provides that the commission "may hold a public hearing regarding any subdivision proposal if in its judgment the specific circumstances require such action." The commission was within its statutory authority to determine that no public hearing was necessary. *Forest Construction* v. *Zoning & Planning Commission,* 155 Conn. 669, 674, 236 A.2d 917 (1967).

The plaintiffs' argument that the commission was required to hold a public hearing to determine whether the application was for a subdivision or a resubdivision is without merit.

## II

The plaintiffs claim that the trial court should have considered additional evidence other than that before the commission and that required to establish aggrievement.

The record reveals that the commission took under consideration all of those concerns presented by the plaintiffs and in fact invited them to provide any further information or data relative to those concerns. Notwithstanding such request, the plaintiffs chose to provide no additional data and relied upon their position that the application required a public hearing. Having determined from the evidence that it did admit, that the plaintiffs were abutting landowners and had standing to appeal pursuant to General Statutes § 8-28, the court was correct in excluding the additional evidence that the plaintiffs proposed to submit relating to traffic, underground water supply, water runoff and diminution of the value of their property since such evidence had not been previously presented to the commission. "An appeal from an administrative tribunal should ordinarily be determined upon the record of that tribunal, and only when that record fails to present the hearing in a manner sufficient for the determination

of the merits of the appeal, or when some extraordinary reason requires it, should the court hear evidence." *Tarasovic* v. *Zoning Commission*, 147 Conn. 65, 69, 157 A.2d 103 (1959). Whether to admit additional evidence is a matter within the sound discretion of the court. Id., 70. We find no abuse of discretion in the court's exclusion of the plaintiff's additional evidence in light of the fact that the record before the court contained the minutes of the commission's business meetings of July 6 and 20, 1987.

The plaintiffs claim that the court incorrectly ruled that General Statutes § 8-8 governed their appeal, particularly as that statute relates to the court taking additional evidence. The plaintiffs contend that § 8-28 provides the exclusive procedure for their appeal and, since that section does not make any reference to limiting additional evidence, the court should not have excluded such evidence.

This is an appeal from a combined planning and zoning commission and as such is subject to the provisions of § 8-8 as prescribed by General Statutes § 8-9.[3] By contrast, § 8-28 governs appeals from a single planning commission. We find no merit to the plaintiffs' contention that, because the court permitted additional transcripts to be filed as part of the record, it improperly refused to admit the additional evidence offered by the plaintiffs in accordance with § 8-8 (e).[4]

[3] We note that Public Acts 1989, No. 89-356, § 2 now provides that appeals from a single planning commission are now also processed pursuant to General Statutes § 8-8.

[4] General Statutes § 8-8 (e) provides: "The court, upon an appeal taken under subsection (a) of this section, shall review the proceedings of said board and shall allow any party to such appeal to introduce evidence in addition to the contents of the record of the case returned by said board if the record does not contain a complete transcript of the entire proceedings before said board, including all evidence presented to it, pursuant to section 8-7a, or if, upon the hearing upon such appeal, it appears to the court that additional testimony is necessary for the equitable disposition of the

It is well established that the function of the trial court on appeal is to review whether the agency record reflects that the action of the commission was reasonably supported by the evidence. If the subdivision application conforms to the regulations, the commission has no discretion but to approve it. *Langer* v. *Planning & Zoning Commission,* 163 Conn. 453, 460, 313 A.2d 44 (1972); *George LaCava & Sons, Inc.* v. *Town Planning & Zoning Commission,* 154 Conn. 309, 311, 225 A.2d 198 (1966).

## III

Finally, the plaintiffs claim that the court improperly granted the commission's motion to complete the record. By granting this motion, the trial court incorporated into the record stenographic transcripts of the business meetings of the commission on July 6 and 20, 1987.

When counsel for the plaintiffs objected to the commission transcripts being made a part of the record, counsel for the plaintiffs requested time to review the transcripts and to submit a supplemental brief concerning them. The court transcripts clearly indicate that the plaintiffs' objection to the admission of the commission transcripts to the record was based entirely upon the argument that they constituted additional evidence. The stenographic transcripts were not additional evidence nor did they provide the court with any data or information that the commission had not considered. The stenographic transcripts simply report the action by the commission in researching its decision concerning the subdivision question. They support the minutes

---

appeal. The court may take such evidence or appoint a referee or committee to take such evidence as it directs and report the same to the court, with his or its findings of facts and conclusions of law, which report shall constitute a part of the proceedings upon which the determination of the court shall be made."

of the business meetings of the commission that were already part of the record. Nothing additional was added by way of these new transcripts.

The procedure utilized by the trial court in "sealing" the transcripts until the court determined whether they would be accepted was most unusual, but the plaintiff has cited no authority to show that this procedure was improper. It would appear that the court was attempting to prevent prejudicing its own decision by not examining the stenographic transcripts in advance of its decision to allow them into evidence. While such procedure might be understandable in a jury trial where prejudice might develop by permitting a jury to examine evidence that might eventually be excluded, such is not the case in matters that are heard by the court alone. The court had every right and, in fact, an obligation to examine the transcripts to determine whether they should be permitted to become a part of the zoning record. The minutes of the business meetings that were already a part of the record reveal that the commission had considered the question of subdivision versus resubdivision and had reached its conclusion that the application constituted a subdivision. The procedure of allowing these transcripts to become part of the zoning record without notifying counsel for the plaintiffs of such ruling, in advance of issuing its memorandum of decision, did not prejudice the plaintiffs.

The judgment is affirmed.

In this opinion the other judges concurred.