[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION.
This is a zoning appeal brought pursuant to Conn. Gen. Stat., Sec. 8-8. The plaintiff is George G. Guthrie ("Guthrie"). The defendants are Janet L. Dowling ("Dowling") and the Planning and Zoning Board of Appeals of Greenwich ("the Board"). Guthrie is appealing the Board's decision to revoke a building permit granted by a town building official to Clarke Builders, Inc. (Return of Record [hereafter ROR] No. 21, Plaintiff's Exhibit D presented at court hearing).
The plaintiff and defendants agree that the Deer Park District of Greenwich was originally part of the Avery Rockefeller estate. Apparently, individual lots were conveyed out over a period of years without reference to any subdivision plan or map. (ROR No. 24, pp. 11-14, 53.) In 1958 the residents of Deer Park voted to establish a municipal tax district (ROR No. 6, item 15, p. 8) and caused to be filed a tax district map (ROR No. 2). At that time, the property Guthrie's future wife, Donnell Stanton, would later receive constituted a 4.79 acre lot designated on the map as property of Gerli. (ROR No. 6, item 15, p. 8; ROR No. 2.)
Donnell Stanton obtained the property by warranty deed from the estate of Virginia B. Edington on May 19, 1986. (ROR No. 6, item 15, p. 9; Plaintiff's Exhibit A, presented at court hearing.) On December 16, 1988, Donnell Stanton Guthrie conveyed 2.251 acres of unimproved land from the 4.79 acre parcel to Guthrie by quitclaim deed. (ROR No. 6, item 15, p. 9; Plaintiff's Exhibit B.) She conveyed by warranty deed the remaining acreage, together with the existing dwelling to Thomas Neff. (ROR No. 6, item 15, p. 9; see also Plaintiff's Exhibit C.)
Guthrie sought the permit after being informed that a permit could be issued without resubdivision approval because the area did not constitute a subdivision. (ROR No. 13, letter of James Sandy, Town Planner/Enforcement Coordinator, dated May 9, 1989.) The permit was granted on January 18, 1990.
Dowling, who owned property across the street from the Guthrie property, appealed to the Board on February 14, 1990 (ROR No. 1), pursuant to Building Zoning Regulation Sect. 6-19 (a)(2), which authorizes the Board to "hear and decide appeals where it is alleged that there is error in any order or decision made by the Building Inspector". (ROR No. 6, p. 2) CT Page 5744
The basis for Dowling's appeal to the Board was that the conveyance of a lot by Mrs. Guthrie to her husband created an illegal resubdivision. (ROR No. 6, pp. 1-6.)
After giving notice, the Board heard the matter on March 21, 1990 (ROR Nos. 4, 24 and 25), and sustained Dowling's appeal. In revoking the permit, the Board stated that the conveyance of the subject property to Guthrie by his wife constituted an illegal resubdivision. (ROR Nos. 26, 27, 28, 29 and 30.)
Notice of the decision was published in the Stamford Advocate on April 2, 1990 (ROR No. 30, certified copy of notice), and service by the plaintiff was made on both defendants on April 9, 1990. This appeal was timely brought within 15 days of notice of publication. See Conn. Public Acts No. 90-286 Sects. 1, 3, 9 (1990) (pending appeals are timely if process was served within 15 days of notice of publication).
The documents comprising the record were returned to the court on June 22, 1990. At the final hearing on March 25, 1991, Guthrie introduced four additional exhibits. These included certified copies of a 1986 warranty deed from the Edington Estate to Mrs. Donnell Stanton; a 1988 quitclaim deed from Donnell Stanton Guthrie to her husband; a 1989 warranty deed from Mrs. Guthrie to Thomas Neff; and a copy of the building permit.
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions that created that right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377 (1988). These provisions are mandatory and jurisdictional, and failure to comply subjects the appeal to dismissal, Id. Conn. Gen. Stat. Sect. 8-8
provides that any person aggrieved by a decision of a zoning board of appeals may appeal to the superior court for the judicial district in which the municipality is located.
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317, 321 (1987). An owner of the subject property is aggrieved and entitled to bring an appeal. Bossert Corp. v. Norwalk, 157 Conn. 279, 285 (1968).
The quitclaim deed from Donnell Stanton to George Guthrie indicates that Guthrie owns the subject property. (ROR No. 11; ROR No. 6, item 15, p. 9, Plaintiff's Exhibit B.) This conclusion is supported by testimony adduced at the court hearing on March 25, 1991. Therefore, Guthrie is aggrieved under Conn. Gen. Stat. Sect. 8.
As a threshold issue, Guthrie argues that the Board had no authority to entertain an appeal from the issuance of the permit. CT Page 5745 Such a decision, he contends, required the Board to make a planning determination, i.e., whether the Deer Park District was a subdivision and whether the conveyance to him constituted a resubdivision.
Guthrie argues that Section 8-6 of the Connecticut General Statutes restricts the Board's purview to zoning matters only. Section 8-6 empowers a zoning board of appeals "[t]o hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter [124 on zoning] or any bylaw, ordinance or regulation adopted under the provisions of this chapter."
The defendants argue that the Greenwich Building Zone Regulations allow the Board to review any decision of a building official. (ROR NO. 6, p. 2.) In her application to the Board, and here on appeal, Dowling relies on Greenwich Building Zone Regulation Sect. 6-19 (a)(2), which authorizes the Board to: "Hear and decide appeals where it is alleged that there is error in any order or decision made by the Building Inspector." (ROR No. 31, Greenwich Building Zone Regulations.)
In his reply memorandum, dated December 18, 1990, Guthrie cites Swennson v. Planning Zoning Commission, 23 Conn. App. 75
(1990), for the proposition that a ZBA has no authority to determine that a subdivision application to a planning zoning commission was really a resubdivision request requiring a hearing. In Swennson, the Manchester PZC decided informally that no hearing was required and the aggrieved plaintiff appealed to the trial court. Id. at 77. Although the appeals court in Swennson held that the Planning and Zoning Commission was correct in denying a public hearing, the issue involved the grant of a subdivision application, id. at 76, not the review of a building permit assessing the legality of the lot. Therefore, Swennson is not dispositive in the present case.
A trial court may grant relief on appeal from the decision of an administrative agency that has acted illegally, arbitrarily or in abuse of its discretion. Raybestos-Manhattan, Inc. v. Planning 
Zoning Commission, 186 Conn. 466, 470 (1982).
"The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988) (citations omitted). A "party challenging the action of a planning and zoning commission bears the burden of proving that the commission acted arbitrarily or illegally." Blaker v. Planning Zoning Commission, 212 Conn. 471, 478 (1989). "Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Adolphson, at 707. CT Page 5746
"Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record . . . . The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Primerica v. Planning Zoning Commission,211 Conn. 85, 96 (1989) (citations omitted). It is the court which decides whether or not the Board properly interpreted the zoning regulations and properly applied them to the facts of the case. Danseyar v. Zoning Board of Appeals, 164 Conn. 325, 327 (1973).
"A reviewing court may only consider the reasons given by the zoning authority to determine whether the record and the application of the zoning regulations support these reasons." Anastasia v. Zoning Commission, 6 Conn. App. 278, 283 (1986); Manchester v. Zoning Board of Appeals, 18 Conn. App. 69, 71 (1989). In the instant case the Board's decision stated in part as follows:
 There is ambiguity in the language defining resubdivision between the Greenwich Municipal Code and the Subdivision Regulations of the Town of Greenwich. Therefore, difficulty arises because at present the definitions or interpretation of what legally constitutes a resubdivision are not consistent. However, because there is a change in lot lines shown on a map filed in the Greenwich Land Records, the Board believes this division appears to constitute a resubdivision. The Board finds that there is no other possible decision in this type of appeal until the Planning and Zoning Commission clarifies and establishes criteria for an approved/recorded subdivision map. (emphasis added).
The plaintiff brought this appeal on several grounds. Generally, his allegations focus on the Board's resolving "an ambiguity in the language defining resubdivision" in violation of the statutory definition and determining that "a change in lot lines shown on a map filed in the Greenwich Land Records" is a subdivision map.
In her trial brief in the current appeal, Dowling notes that the town of Greenwich promulgated its most recent subdivision regulations in 1970 and adopted them in 1976. (Brief, pp. 3-4.) She argues that Mrs. Guthrie created an illegal subdivision when, after purchasing the entire 4.79 acres, she conveyed one portion to Neff and an unimproved portion to her husband (Brief, pp. 27-30; ROR No. 6, item 15, pp. 8-9.)
In arguing thus, Dowling assumes that the Deer Park District constituted a subdivision under the regulations and that the 1958 tax district map was a valid subdivision map. (Brief pp. 27-30; ROR No. 6, item 15, pp. 8-9.) Guthrie's position is that the tax district CT Page 5747 map was not a subdivision map and that the Deer Park District was, therefore, not a subdivision area. (ROR No. 25, pp. 44-61.)
In their briefs, defendants rely on Building Zone Regulation Section 6-261 (6) for the proposition that any recorded map suffices as a subdivision map. The regulation, however, differs from the Connecticut General Statutes and the Greenwich Municipal Code.
Connecticut General Statutes Section 8-18 defines "subdivision" and "resubdivision" as follows:
 Sec. 8-18. Definitions. As used in this chapter: "Commission" means a planning commission; "municipality" includes a city, town or borough or a district establishing a planning commission under section 7-326; "subdivision means the division of a tract or parcel of land into three or more parts or lots made subsequent to the adoption of subdivision regulations by the commission, for the purpose, whether immediate or future, of sale or building development expressly excluding development for municipal, conservation or agricultural purposes, and includes resubdivision; "resubdivision" means a change in a map of an approved or recorded subdivision or resubdivision if such change (a) affects any street layout shown on such map, (b) affects any area reserved thereon for public use or (c) diminishes the size of any lot, if any of the lots shown thereon have been conveyed after the approval or recording of such map; "town" and "selectmen" include district and officers of such district, respectively. (emphasis added.)
Section 82(7) of the Greenwich Municipal Code defines subdivision as the "division of a tract or parcel of land into three (3) or more parcels for the purpose, whether immediate or future, of sale or building development . . . ." (ROR NO. 17.) Section 82(8) defines resubdivision as "a change in a map of an approved or recorded subdivision or resubdivision . . . ." (ROR No. 17, emphasis added.)
Section 6-261 (6) of the Building Zone Regulations of Greenwich defines resubdivision thus: "Resubdivision shall mean a change in a map or an approved recorded subdivision. . . ." (ROR No. 16, emphasis added.) Section 6-261 (15) states that "[s]ubdivision shall mean the division of a tract or parcel of land into three (3) or more parcels for the purpose, whether immediate or future, of sale or building development . . . ."
A comparison of the Building Zone Regulation to the Municipal Code and the Connecticut General Statutes indicates that the use of CT Page 5748 the word "or" in the Building Zone Regulation arises from a typographical error. Even were that not the case, the language of the General Statutes controls, i.e., that a resubdivision is "a change in a map of an approved or recorded subdivision." (emphasis added.) This statutory language contradicts the defendant's position that a tax map suffices for subdivision purposes.
Furthermore, a basic administrative law principle is that regulations may not exceed the parameters of their enabling statutes. See, e.g., Phelps Dodge Copper Products Co. v. Groppo,204 Conn. 122 (1987). "It is fundamental that `[t]he power conferred [upon administrative agencies] to make regulations for carrying a statute into effect must be exercised within the powers delegated . . . . and it cannot be extended to amending or adding requirements of the statute itself.' (Citation omitted.)" Id. at 128. "No administrative or regulatory body can modify, abridge or otherwise change the statutory provisions under which it acquires authority unless the statute specifically grants it that power." Id., citing State ex rel. Huntington v. McNulty, 151 Conn. 447, 449 (1964). On the municipal level, a city "could only enact subdivision regulations conforming with the powers granted to the municipality by its charter." Caldrello v. Planning Board of New London, 193 Conn. 387,391 (1984). See also Peninsula Corporation v. Planning Zoning Commission, 151 Conn. 450, 452 (1964).
As a question of law, the trial court decides whether the Board properly interpreted the regulations and properly applied them to the facts. Danseyar v. Zoning Board of Appeals, 164 Conn. 325, 327. The court does not agree with Defendant Board's claim that the Building Regulation and the statutes can be read "consistently" with one another. (Brief, dated 12/4/90, p. 18.)
The construction favored by the defendants, that "resubdivision shall mean a change in a map or an approved recorded subdivision," exceeds the parameters set by the General Statutes and the Greenwich Municipal Code.
The record reflects that after debate of Special Act 469 of the Special Acts of 1951, representatives to the Greenwich Town Meeting adopted the definition of "resubdivision" as it reads in Connecticut General Statutes Section 8-18, in its entirety. (ROR No. 18, Minutes of the Greenwich Representative Town Meeting, June 8, 1970; also ROR No. 19, Minutes of the Greenwich Representative Town Meeting, September 14, 1970.) The Minutes indicate that the representatives to the Town Meeting were aware of the definitional constraints imposed by the General Statutes and, in fact, conformed to them.
The fact of this case is that two of the legislative enactments defining subdivision and resubdivision differed from the third. The definitive pivotal fact, therefore, is not whether or not the CT Page 5749 conveyance to Guthrie was a resubdivision but that the Board did not know which regulation it should apply to the facts. In choosing 6-261 (6) it ignored the law as the courts have interpreted it. (See State ex rel., Huntington v. McNulty Peninsula Corporation v. Planning Zoning Commission, Caldrello v. Planning Board of New London above.) The Board's frustration with the inconsistent language is evident in its decision. Unfortunately, it acted unreasonably in using Guthrie's situation to send a message to the Planning Commission.
There is no dispute that the map of the Deer Park District in 1958 was a municipal tax district map. Such maps are filed pursuant to Connecticut General Statutes Section 7-325 et seq., and were so filed in 1958. In contrast, the creation of a subdivision requires "the division of a tract of parcel of land into three or more lots . . . for the purpose, whether immediate or future, of sale or building development". Connecticut General Statutes Section 8-18. This definition is substantially the same as the 1958 version of Sect.8-18, Greenwich Building and Zoning Regulation Section 6-261 (15), and Greenwich Municipal Code Sect. 82(7). The filing of a map in conjunction with the creation of a municipal district does not fit the statutory purpose enumerated in either the current or earlier version of Connecticut General Statutes Section 8-18.
In her supplemental brief, Dowling argues that any recorded map can constitute a resubdivision map. She cites, as authority, Loechner v. Campoli, 231 A.2d 553 (N.J. 1967), in which the New Jersey Supreme Court held that a map filed under an old map act could qualify as a subdivision. The map at issue in Loechner was filed in conjunction with reducing a parcel or tract into smaller parcels. Id. at 557. The map's purpose was for subdivision or development.
Similarly, the defendant Board in its supplemental brief cites Reich v. Thoennes, 19 Conn. Sup. 1, 4 (Sup.Ct. 1954), for the proposition that a map filed in conjunction with a restrictive covenant constitutes a subdivision map. However, the map filed in Reich concerned development property with restrictive covenants running from the original grantor. Moreover, the developer subdivided the property and then filed a map of the development. Id. at 2.
The cases relied on by the the defendants fail to support their contention that any recorded map may constitute a subdivision map. Rather, the facts of each case show that the maps therein were specifically related to the subdivided areas in issue.
The court does not discuss the remaining issues briefed as the foregoing reasons are dispositive of the appeal.
Therefore, the record in this appeal does not support the CT Page 5750 Board's conclusions or application of law. The Plaintiff's appeal is sustained.
LEHENY, J.