[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Donald Garrity has appealed the denial by the defendant, Planning and Zoning Commission of Bridgewater of his request for a special permit "to move earth materials" without a hearing. The plaintiff is the applicant and joint owner of the property in question and is therefore aggrieved.
On May 4, 1992, Mr. Garrity filed an application with the commission for the "stockpiling of earth materials 2.2.6". His application further provided that "If the stockpiling of earth materials is covered by 2.2.6 the applicants seek a special use under 2.2.6. Existing and proposed grades will be the same." On May 13, 1992, the commission denied the application without prejudice and this appeal followed.
The commission determined that no public hearing was required since the application did not request approval of an activity permitted under the regulations. It had the authority to determine that the proposed "stockpiling" activities were not allowable under the zoning regulations cited by the plaintiff and, therefore, his application for a special use permit was legally inappropriate.
As indicated, the application was filed under section 2.2.6. Nothing in that section authorizes the stockpiling of earth materials. It deals strictly with removal.[1] In Swensson v. Planning and Zoning Commission, 23 Conn. App. 75 the appellate court held that the commission had the authority to determine that the application involved only a subdivision and, therefore, that no public hearing was necessary. The court stated, "the plaintiffs' argument that the commission was required to hold a public hearing to determine whether the application was for a subdivision or a resubdivision is without merit." Id. at 79 (Emphasis added).
A similar issue was raised in Cannata v. Department of Environmental Protection, 215 Conn. 616, 577 A.2d 1017 (1990). In that case, the DEP CT Page 1319 had required the plaintiffs to apply for a permit to cut trees on their property pursuant to Conn. Gen. Stat. 22-342. Id. at 617. Plaintiffs challenged the authority of DEP to issue such an order because they believed their activities fell within an exemption under Conn. Gen. Stat.22a-349. Id. at 621. The court stated, "When a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act — that is, to determine the coverage of the statute — and this question need not, and in fact cannot, be initially decided by a court." Id. at 623. The court further held that the issue of whether plaintiffs' proposed activity required them to obtain a permit pursuant to 22a-342 or whether it was exempt under 22a-359 were factual determinations best left to the commissioner. Id. at 627. "This is precisely the type of situation that calls for agency expertise. Relegating these determinations to the commissioner in the first instance will provide a complete record containing the commissioner's interpretation of the relevant statutory provisions for judicial review." Id. See also Aaron v. Conservation Commission,183 Conn. 532, 547, 441 A.2d 30 (1981) (municipal wetlands agency has the authority to determine whether a proposed activity is exempt from regulation).
An agency may determine the scope of its legislatively delegated powers, and is entitled to decide whether the regulation is applicable to a given set of facts. In this case, the commission determined that the activities proposed for the plaintiff's property were not permitted under the zoning regulations. The court finds that the commission did not abuse its powers in making that determination.
For the reasons set forth, the appeal is dismissed.
PICKETT, J.
APPENDIX A
2.2.6 Extraction of Earth Materials
2.2.6.1 The purposes of this section are to preserve a cover-crop on the land to prevent erosion, and to control any excavation operations that may create a safety or health hazard to the public or to adjacent property owners, or be detrimental to the immediate neighborhood or to the Town of Bridgewater. CT Page 1320
2.2.6.2 Unless otherwise provided in this section, there shall be no removal from the owner's property in any zone of earth. sand, gravel, clay or quarry stone, except as surplus material resulting from a bona-fide building construction operation being executed on the owner's property, and provided that no permanent damage is done to the landscape.
2.2.6.2.a Where a bona-fide building construction operation, as evidenced by a valid zoning permit involves the removal from the premises of surplus earth materials, and where the site plan shows proper drainage, grading and landscaping of the parcel that will assure the objectives of the zone upon completion of the operation, the Commission may issue zoning permit to remove without a performance bond not more than 200 cubic yards of earth material from the premises.
2.2.6.2.b Removal of more than 200 cubic yards from the site of building construction operation is a Special Use. See 2.2.6.4.
2.2.6.3 In any zone top soil or loam may be removed from the areas to be covered by a building or other related construction operation, but shall not be removed from the premises.
2.2.6.4 The Commission, after a public hearing, may allow as a Special Use, in any zone except the Town Green Zone the removal of fill, sand, gravel, clay, or quarry stone under the following conditions:
2.2.6.5 The applicant shall submit a plan showing existing grades in the area from which the above material is to be removed together with finished grades at the conclusion of the operation.
2.2.6.6 The plan shall provide for proper drainage of the area of the operation after completion, and no bank shall exceed a slope of one foot of vertical rise in two feet of horizontal distance. No new bank or pit shall be opened or operated within 100 ft. of a public highway, not within 300 ft. of any residence except with due notice to adjacent property owners and the written permission of the Commission.
2.2.6.7 At the conclusion of the operation, or of any substantial CT Page 1321 portion thereof, the whole area where removal takes place shall be covered with not less than 4 inches of top soil and seeded with suitable cover-crop.
2.2.6.8 No stone crusher or other machinery not required for actual removal of the material shall be used, and there shall be no commercial quarrying of stone.
2.2.6.9 Before a Special Use is granted under this section, the applicant shall post a bond with the Board of Selectmen of the Town of Bridgewater in an amount approved by the Commission as sufficient to guarantee conformity with the provisions of the permit issued hereunder. Such bond shall permit the Town to finish, at surety's expense, the work covered by said bond, provided:
(1) the Special Use has expired, or
(2) the excavation work has not been completed, or
 (3) the Special Use has been revoked for failure to comply with the requirements of this section.
2.2.6.10 In passing on such applications, the Commission shall consider effects of such removal on surrounding property and the future usefulness of the premises when the operation is completed.
2.2.6.11 Such Special Use shall be issued for not over two years and may be renewed upon application, provided a contour map showing the extent of excavations, areas graded and seeded, and other data required, is approved by the Commission, and other requirements of the Special Use have been complied with.
2.2.6.12 Nothing herein shall prevent filing a revised plan with the Commission, modifying or reducing the scope of work originally approved, provided the bond required in Sec. 2. 2.6.9 above shall not be released until all the requirements of this section shall have been met.