[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On October 5, 1994, the defendant Bethany Farms, Inc. was granted a subdivision approval for an 83 lot subdivision. No appeal was taken from that approval. On June 2, 1995, the defendant Bethany Farms, Inc. wrote a letter to the Chairman of the Planning and Zoning Commission requesting a modification of the subdivision approval changing the phasing of the building of the subdivision. Five days after the submission of the letter requesting the modification, the defendant Bethany Planning and Zoning Commission held a regularly scheduled meeting. No notice by publication or otherwise was issued stating that the proposed modification would be considered at that meeting. At the meeting a motion was made by a member of the Commission and seconded by another to accept and approve the modification for the phasing of the work in the subdivision. The Commission unanimously approved a modified plan replacing the plan approved on October 5, 1994. The Commission found that the accepted modification would not change the number of lots, length of road or any other condition in the original conditional subdivision approval and therefore did not qualify as a resubdivision.
On January 21, 1995, this decision approving the modification to the subdivision approval was published in the New Haven Register. The plaintiff took a timely appeal from that notice.
AGGRIEVEMENT
The plaintiffs proved at trial that they own the land located at 96 Bethmour Road in Bethany, which adjoins and abuts the subject premises. Therefore the court finds the plaintiffs are statutorily aggrieved. The plaintiffs' aggrievement is in accordance with § 8- 8(a)(1) of the Connecticut General Statutes. CT Page 1365-YY
ISSUES
1) Did the failure of the defendant Bethany Planning and Zoning Commission to give any notice by publication or otherwise that it would consider the defendant Bethany Farms, Inc.'s modification at its June 7, 1995 meeting deprive it of subject matter jurisdiction.
2) Were the plaintiffs deprived of due process of law because they were never given any notice of or opportunity to be heard at the June 7, 1995 meeting of the defendant Bethany Planning and Zoning Commission.
DISCUSSION
It is uncontested that failure to give a statutorily required notice deprives a municipal land use agency of subject matter jurisdiction. Koepke v. Zoning Board of Appeals, 223 Conn. 171,175 (1992). Subject matter jurisdiction cannot be waived or conferred by consent. Demar v. Open Space and ConservationCommission, 211 Conn. 416, 424 (1989).
The court first notes that § 1-21 (a) of the Connecticut General Statutes requires a schedule of all regular meetings of municipal agencies be filed with the municipal clerk not later than January 31st of each year. There is evidence which was submitted at the trial on the matter that this schedule of meetings was duly filed. In addition, there is no evidence from the plaintiffs that the schedule was not filed. Plaintiffs have made an offer of proof that the meeting agenda were not posted 24 hours prior to the start of the meeting. If the plaintiffs' claim is a violation of § 1-21 et al, the freedom of information provisions of the General Statutes, the plaintiffs' remedy would have been an appeal from a claimed freedom of information violation and not the present appeal pursuant to § 8-8.
The court recognizes that there are numerous sections of the General Statutes dealing with land use which require a public hearing. Among those sections are the following: (1) §8-3 — establishment and amendment of zoning regulations or zoning district boundaries; (2) § 8-3c(b) — special permits, special exceptions and special exemption applications; (3) § 8-23 (a) — adoption and amendment of the municipal plan of development; (4) § 8-25a — establishment and amendment of subdivision CT Page 1365-ZZ regulations; (5) § 8-26 — subdivision application, if the commission judges that the specific circumstances require a hearing; (7) § 8-26 — resubdivision applications; (8) §8-29 — adoption of plan or map laying out highways, streets, or sidewalks and assessment of benefits and damages therefrom.
Section 8-26 makes it clear that a planning commission may hold public hearing when it hears a subdivision application and must hold a public hearing when it hears a resubdivision application under certain circumstances. The Appellate Court has held that in determining whether something is a subdivision or resubdivision, there is no requirement for a public hearing by the planning commission. Swensson v. Planning and ZoningCommission, 23 Conn. App. 75, 79 (1990).
In addition, Professor Fuller in his book has written:
 After a land use agency acts on an application, any modification of an approval usually requires a new application, particularly if the decision was published or recorded. . . . Minor changes on the [subdivision] map do not need a new application following all statutory procedures, but other changes in the subdivision should be brought to the commission's attention and placed on the agenda of one of its meetings even though it does not require a public hearing. Connecticut Practice Series, Vol. 9, Land Use and Practice, Fuller, Robert A. Section 24.11, page 454.
Section 8-18 of the General Statutes defines both "subdivision" and "resubdivision". Subdivision is defined as "The division of a tract or parcel of land into three or more parts or lots made subsequent to the adoption of subdivision regulations by the commission, for the purpose whether immediate or future, of sale or building development expressly excluding development for the municipal, conservation or agricultural purposes. . . ." Resubdivision means a "change in the map of an approved or recorded subdivision or resubdivision if such change (a) affects any street line shown on the map, (b) affects any area reserved thereon for public use, or (c) diminishes the size of any lot shown thereon and creates an additional building lot, if any of the lots shown thereon had been conveyed after the approval or recording of such map. CT Page 1365-AAA
Clearly the action taken by the Bethany Zoning Commission is not a subdivision within the foregoing definition and, even if it were, no public hearing would be required. Secondly, the record amply justifies that the action of the Bethany Zoning Commission was not a "resubdivision" within the statutory definition and therefore no public hearing was required. While the plaintiffs are correct in arguing that failure to give statutorily required notice is jurisdictional and that a jurisdictional defect cannot be waived, the plaintiffs have made no showing in this case that the Bethany Zoning Commission was required to hold a public hearing or to give any statutorily required notice.
The plaintiffs appear to claim they were deprived of due process of law because they were never given any notice or opportunity to be heard concerning the change in phasing of the subdivision approval. At the outset the plaintiffs have made no claim of a constitutionally protected right which would appear to be the basis of their claim of a violation of due process. The plaintiffs essentially rely on two cases for their constitutional argument. Those cases are Pizzola v. Planning and ZoningCommission, 167 Conn. 202, 207 (1974) and Carlson v. Fisher,118 Conn. App. 488, 502-503 (1989).
Pizzola was a zone change case in which a public hearing was clearly required. Carlson was a "resubdivision" application in which a public hearing was clearly required. In each case the agency involved took evidence which affected its decision after the close of the public hearing. In the instant case no public hearing was required and accordingly neither case has any application to the matter presently before the court.
The plaintiffs make no claim that there is any technical deficiency in the action of the Bethany Zoning Commission. Their only claim is that the Commission failed to hold a public hearing or to otherwise give them notice. The plaintiffs have failed to show any obligation on the part of the municipal agency to hold a public hearing and have fallen far short of bearing the burden of establishing some type of constitutional deprivation of due process. Accordingly, the ex parte restraining order issued by this court preventing the cutting of trees on the defendants' property, which order was dated January 19, 1996, is dissolved. The appeal is dismissed.
THE COURT: CT Page 1365-BBB
KEVIN E. BOOTH, JUDGE