E. Arthur Root III et al. *v.* Zoning Board of Appeals of the Town of Madison et al.

Superior Court Judicial District of File No. 273628
      New Haven

Memorandum filed March 2, 1989

*The Pellegrino Law Firm,* for the plaintiffs.

*Philip N. Costello,* for the named defendant.

*William C. Bruce* and *Thomas DeMatteo,* for the defendant Jefferson Kraft.

Burns, J. The matter before the court is an appeal of a decision by the defendant zoning board of appeals of the town of Madison (board) granting variances to the defendant Jefferson Kraft to allow the division of his land into two lots.

The court held a hearing on January 23, 1989, at which the plaintiffs offered evidence concerning their standing to appeal. The court finds that the plaintiffs E. Arthur Root III, Sybil R. Higgins, Thomas B. Reynolds and Gloria A. Reynolds own land abutting the subject premises and have standing to appeal. General Statutes § 8-8.

From the admitted allegations of the appeal, the following facts are found: On June 15, 1988, Kraft applied to the board for variances of lot area and shape to allow

the creation of two lots for the premises known as 293 Green Hill Road in Madison. The board held a hearing on July 5, 1988, and granted the application. Notice of the decision was published on July 13, 1988. The premises are located partially in the RU-1 district and partially in the R4-2 district as described in the Madison zoning regulations.

The application approved by the board was identical to a prior application it had approved on April 7, 1987. That decision was appealed by the same plaintiffs to this court, where, on November 23, 1987, Judge Cretella sustained the appeal and reversed the board's decision. *Root* v. *Zoning Board of Appeals,* Superior Court, judicial district of New Haven, Docket No. 257938 (November 23, 1987).

This court also finds that a substantially similar application by Kraft to the board was heard and denied on March 12, 1987. No appeal was taken from that decision.

The issues raised by the plaintiffs on appeal are: (1) that the board acted illegally, arbitrarily and in abuse of its discretion by granting an application for variances which it had previously denied; (2) that the elements necessary for the granting of the variances were not established; and (3) that the decision by Judge Cretella barred any further consideration by the board of the hardship issue.

It is not disputed that this appeal involves an application by Kraft to the board for the same relief that he sought in a prior application. Indeed, Kraft concedes that the present matter involves an application identical to that ruled on in the previous case.

In their brief, the plaintiffs cite the case of *Laurel Beach Assn.* v. *Zoning Board of Appeals,* 166 Conn. 385, 387, 349 A.2d 834 (1974), wherein the court states:

"There was no material change in circumstances between the two hearings. 'The case comes clearly within the established law of this state which prohibits a zoning board of appeals from reversing its previous decision unless the facts and circumstances which actuated the decision are shown to have so changed as to vitiate or materially affect the reason which produced and supported it and no vested rights have intervened.' . . ." (Citations omitted.)

This rule appears to have its genesis in *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 154 A. 343 (1931); see annot., 52 A.L.R.3d 494, 519.

"When the facts and circumstances which actuated an order or a decision are alleged and shown to have so changed as to vitiate or materially affect the reasons which produced and supported it and no vested rights have intervened, it is reasonable and appropriate to the functions of the board that the subject-matter be reexamined in the light of the altered circumstances." *St. Patrick's Church Corporation* v. *Daniels,* supra, 139–40. In that case, the Supreme Court affirmed the trial court on the basis that there had been a change of circumstances. Id., 140–41.

The rule was followed in *Burr* v. *Rago,* 120 Conn. 287, 292, 180 A. 444 (1935), where the court stated: "A zoning board of appeals acts in a quasi-judicial capacity. It is an appellate tribunal and its decisions are reached only after the presentation of evidence deemed to warrant such action." The court went on to discuss the "materiality of changes." Id., 293. "To make such changes material, they should generally . . . be of such a character as to show 'that the conditions of property in the immediate vicinity had been changed in a manner militating against the objections formerly interposed.' " Id.

The foregoing rule has been consistently followed. See, e.g., *Rommell* v. *Walsh,* 127 Conn. 272, 277, 16 A.2d 483 (1940), cited in *Wright* v. *Zoning Board of Appeals,* 174 Conn. 488, 492, 391 A.2d 146 (1978). It is an accepted principle of administrative law. *Hoffman* v. *Kelly,* 138 Conn. 614, 616–17, 88 A.2d 382 (1952); see *State* v. *Tedesco,* 175 Conn. 279, 284, 397 A.2d 1352 (1978).

Kraft argues that an amendment to General Statutes § 8-6, adopted in 1977, abrogates the foregoing rule. The specific language relied on is as follows: "No such board shall be required to hear any application for the same variance or substantially the same variance for a period of six months after a decision by the board or by a court on an earlier such application."

Kraft then argues that the *Laurel Beach* decision does not apply to the proceedings by the board if more than six months have elapsed since Judge Cretella's decision.

The foregoing amendment was included in § 5 of Public Acts 1977, No. 77-509, entitled "An Act Concerning Zoning Regulations, Hearings and Appeals." The act contains nine other sections, all of which relate to procedural matters affecting zoning commissions, planning commissions, zoning boards of appeal and enforcement of the regulations. It should be noted that, at the time of the above amendment, § 8-3 (c) of the General Statutes contained a similar time constraint on applications for zone changes before a zoning commission.

The court finds nothing in the public act or in its legislative history[1] to warrant the interpretations placed

---

[1] Senator Louis S. Cutillo remarked: "We've authorized the zoning board of appeals to refuse to hear any application of the same variance or substantially the same variance for a period of six months after a decision by such board or by a court on an earlier application, prohibit the issuance if any building permit for a building use or structure subject to zoning regulations without certification or conformity by the official charged with

upon it by Kraft. Significantly, Kraft cites no authority for his interpretation that the amendment abrogates the common law rule.

"In determining whether or not a statute abrogates or modifies a common-law rule the construction must be strict, and the operation of a statute . . . is to be limited to matters clearly brought within its scope. 'The court is to go no faster and no further than the Legislature has gone.' . . . A legislative intention not expressed in some appropriate manner has no legal existence." (Citations omitted.) *Willoughby* v. *New Haven*, 123 Conn. 446, 454-55, 197 A. 85 (1937).

The provisions cited by Kraft in § 8-6, as well as the similar provision relating to zoning commissions in § 8-3 (c), simply provide relief for the board from obligations for actions expressed within chapter 124. The very language of the amendment, namely, "[n]o such board shall be *required,*" implies that such provisions may be waived. (Emphasis added.)

Although the Supreme Court has cited this rule in the cases noted above that were decided before October 1, 1977, there appears to be no cases since the per curiam decision in *Laurel Beach Assn.* v. *Zoning Board of Appeals,* supra. The reason is obvious from a reading of the decision itself, namely, "[t]he appeal to this court presents no novel question of law or contested question of fact." Id., 387.

In the transcript filed with the return, counsel for Kraft notes that the only difference between the present application and the previous one was the passage of

---

enforcing the zoning regulation, established various requirements and a time period relative to site plan approval, prohibit the staying off of special orders requirements or decisions regarding matters being appealed to the zoning board of appeals unless a stay were granted by the board and would apparently eliminate the existing right of the appealer to seek a court order restraining the enforcement of such order requirement or decision." 20 S. Proc., Pt. 9, 1977 Sess., p. 3584.

one year since the time the previous application was filed and over eight months since the decision by Judge Cretella. Nothing else in the record shows any material change in the circumstances since the decision of March 12, 1987. Judge Cretella, likewise, found no change of circumstances and cited this as a basis for sustaining the appeal. In granting the Kraft application, the board violated the established law in this state, which prohibits a zoning board of appeals from reversing its previous decision absent a material change in conditions. In doing so, it acted illegally, arbitrarily and in abuse of the discretion vested in it.

The plaintiffs further argue that the issue of hardship, or lack thereof, has already been decided in this court in their favor and request that this court invoke the principle of res judicata and follow the previous decision.

Concerning res judicata, it must first be noted that Judge Cretella's decision was a final judgment on the merits. The parties to the previous appeal are the same as in this matter. The relief sought by Kraft and granted by the board was identical, as was the parcel of land affected.

"The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate." *In re Juvenile Appeal (88-DE),* 190 Conn. 310, 318, 460 A.2d 1277 (1983); see also *Gionfriddo* v. *Gartenhaus Cafe,* 15 Conn. App. 392, 402, 546 A.2d 284, cert. granted, 209 Conn. 809, 548 A.2d 437 (1989).* "The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court,

* Subsequently affirmed *Gionfriddo* v. *Gartenhaus Cafe,* 211 Conn. 67, 557 A.2d 540 (1989).

and prevent wasteful relitigation." Id., 401. "[T]he doctrine of res judicata may apply to a judgment rendered by a court on review of a decision made by an administrative body." *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 318, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973).

In *Wade's Dairy, Inc.* v. *Fairfield,* 181 Conn. 556, 436 A.2d 24 (1980), the Supreme Court concluded that the plaintiffs' action in seeking an injunction against the town and its zoning enforcement officer was barred by the doctrine of res judicata. The court noted that the cause of action before the trial court was the same as that asserted in two appeals from the zoning board of appeals of the town. Those appeals were dismissed and certification was denied. "A judgment denying a permit for the use of premises under the zoning regulations bars a subsequent application for the same purpose where the facts upon which the judgment was based are not susceptible of change." 82 Am. Jur. 2d, Zoning and Planning § 362; annot., 71 A.L.R.2d 1362, 1363.

It is clear that the premises that are the subject of Kraft's application are in an established residential district, and there is nothing in the record to support any claim of an anticipated change in them.

Under the preclusion principle, the plaintiffs' claim here regarding the lack of a hardship has already been decided by Judge Cretella. His decision was a final judgment. He noted that "the record [was] totally devoid of any finding of hardship on the part of the applicant and on that basis alone the actions of the [zoning board of appeals] should be reversed." The principle of res judicata applies to the issue of lack of hardship in the present matter and cannot be reviewed by this court. Accordingly, this

court is without power to address the issue of lack of hardship raised by the plaintiffs, except as noted.

Since the action of the board was barred by the previous decision, it should have denied the application.

The appeal of the plaintiffs is sustained and the action of the defendant zoning board of appeals is reversed.