[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the owner of a parcel of land commonly known as 9 Fairfield Avenue, Westport Connecticut, shown as Lot 421 on Assessor's Map No. 5315.
Plaintiff's property is located in a Residence A Zone in which zone the applicable zoning regulations limit building coverage to fifteen (15%) percent and lot coverage to twenty-five (25%) percent of the total lot area.
Upon application of the plaintiff, the defendant, by resolution dated October 9, 1991 granted the plaintiff a waiver of the above requirements as well as certain other requirements imposed by the Planning and Zoning Rules and Regulations upon the property.
Following the grant of the aforementioned variances, the plaintiff reconstructed a single-family residence and detached two-car garage located on the property.
The reconstruction of the single-family residence and detached two-car garage conformed to the plans approved by the defendant; however, the building and lot coverage exceeded the coverage calculation shown on the plans.
The plaintiff, once again, submitted an application to the defendant and requested a waiver of the building and lot coverage requirements of the Planning and Zoning Rules and Regulations to CT Page 857 permit the reconstructed buildings to remain on the property.
The defendant held a public hearing on the application on January 14, 1992.
At a work session held by the defendant on February 25, 1992, the defendant denied the application.
Notice of the denial was published in the Westport News on March 4, 1992.
The plaintiff is aggrieved by the defendant's action.
It is the general rule in this State that "a zoning board of appeals is precluded from reversing a prior decision unless (1) a material change of conditions has occurred since its prior decision or (2) other considerations materially affecting the merits of the subject mater have intervened and no vested rights have arisen". Sipperley v. Board of Appeals on Zoning, 140 Conn. 164 (1953). The second application before the Zoning Board of Appeals, which is the subject of this litigation, sought essentially the same relief as that which was previously granted by the Board, and for which the Board had seen the plans and approved the building of the garage. The second application was filed as a mere technicality in order to conform the approved building and plot plan with the actual percentages of coverages of the property. The only difference between the two applications for coverage variances was that due to an error by a third party, the percentage of coverage as shown on the plot plan was slightly understated.
The Board found the existence of a legal hardship needed to justify the granting of the variances in the first application. The requisite hardship had not changed. In fact, it could only be interpreted to have been exacerbated due to the fact that the garage had, at the time of the second application, already been built in reliance on the plans approved by the Board. Moreover, the error was due to the actions of a third party expert, not the plaintiff, therefore reliance was justified and the hardship was not self-created.
If any necessary elements for granting of variances for building and lot coverages were established the first time, then they were established in the second application as well. There were no other material changes in circumstances between the two hearings, therefore, this case "comes clearly within the CT Page 858 established law of this state which prohibits a zoning board of appeals from reversing its previous decision unless the facts and circumstances which actuated the decision are shown to have so changed as to vitiate or materially affect the reason which produced and supported it and no vested rights have intervened". Laurel Beach Association v. Zoning Board of Appeals, 166 Conn. 385,387 (1974); St. Patrick's Church Corporation v. Daniels, 113 Conn. 132
(1932).
In this case, the facts and circumstances were the same as in the previous hearings. Reasons which produced and supported the original decision by the ZBA, have not changed. In this particular case, vested rights had intervened, in that the original variance was recorded on the land records and plaintiff's actions were governed by the approval. Considerable sums of money were expended in building the garage in accordance with the plans as well as costs and fees associated with the second application and its subsequent appeal.
The Zoning Board of Appeals acted illegally and arbitrarily and in abuse of the discretion vested in it when it reversed a previous decision denying a variance where there was no material change between the two circumstances. This accepted principal of administrative law should also be applied to the facts of this case. Root v. Zoning Board of Appeals, 41 Conn. Sup. 218 (1989).
Pursuant to Connecticut General Statutes 8-6 (3), a local Zoning Board Appeals has the power to grant a variance if two basic conditions are satisfied: "(a) the variance must be shown not to affect substantially the comprehensive zoning plan, and (b) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan". Smith v. Zoning Board of Appeals, 174 Conn. 323, 326 (1978); Aitken v. Zoning Board of Appeals, 8 Conn. App. 195 (1989). The reason given by the Board for its denial of the variances requested was that "the Board felt that this was a large expansion in coverage and if this application was presented correctly with the complete information, the variance would have been denied."
A zoning board's reasons for denying a variance are to be examined on review to determine whether they are reasonably supported by the record and are a relevant basis on which to act on the application. Green v. Zoning Board of Appeals,4 Conn. A pp. 500 (1985); Chevron Oil Co. v. Zoning Board of Appeals,170 Conn. 146, CT Page 859 152-53 (1976).
A review of the record of the appeal does not support the reason given by the ZBA for the denial of the variance, and therefore the decision of the ZBA was clearly erroneous. The Board did not give as its reason that there was insufficient hardship demonstrated by the applicant. Rather, it indicated that if the application was presented correctly with the complete information the first time, the variance would have been denied. However, the record is devoid of any reason as to why it would have been denied initially.
The criteria, however, for granting a zoning variance is whether the variance is shown not to affect substantially the comprehensive zoning plan and adherence to the strict letter of the zoning ordinance would cause unusual hardship unnecessary to carrying out the general purpose of the zoning plan. Whittaker v. Zoning Board of Appeals, 179 Conn. 650 (1980). The court in granting the previous application, clearly found that these two criteria had been met. Thus, the hardship had already been proven and therefore, the only basis upon which the ZBA would have to deny the present application, would be if the extension of the variance previously granted would substantially affect the comprehensive zoning plan. There is absolutely nothing in the record to indicate that such was the case.
There was not opposition at the hearing to the application and, in fact, there were several letters from neighbors at the hearing for the initial application, which overwhelmingly supported the changes that the plaintiff was looking to make, and in fact, did make to his property.
In this case, the record of the Board was barren of any justification for this denial which seems to inflict an unnecessary hardship on the plaintiff and benefits no one else. There is nothing in the record, consisting of the uses of neighboring property, which would be contrary to the general comprehensive plan. Parsons v. Zoning Board of Appeals, 140 Conn. 290 (1953).
The Zoning Board of Appeals acted illegally, arbitrarily and in abuse of its discretion in denying the plaintiff's application, and its action should be reversed and this court directs that the variances be granted.
HICKEY, J. CT Page 860