[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Richard W. Radcliff, Mary A. Radcliff, Jack Wilsey, Richard S. Lannaman, Margaret P. Lannaman, Donald J. Keller, and Virginia W. Keller (hereinafter "plaintiffs"), all of whom reside on Cathlow Drive, Greenwich, Connecticut, appeal from a decision of the defendant Planning and Zoning Board of Appeals of the Town of Greenwich (hereinafter "Board") which upheld the reissuance of a building permit to defendants Boco Enterprises, Inc. and Clark M. Whittemore, Jr., Trustee (hereinafter "Boco"). Plaintiffs also name the town clerk as a defendant.
Boco states that in 1987, Bjorn and Patricia Koritz, the owners of Boco, became interested in purchasing a 2.016 acre lot in Greenwich, Connecticut. Because their interest in acquiring the property was conditional upon being able to create an additional building lot, Boco argues that the Koritzes sought a ruling from the town planner on whether subdivision or resubdivision approval CT Page 5613 was necessary. (ROR No. 8, Memorandum of Appellees, 12/6/91, pg. 2; ROR No. 14, Transcript of December 11, 1991 public hearing of the Board, pg. 118). In writing, on two different occasions, the town planner confirmed that the proposed division did not constitute a subdivision or resubdivision. (ROR No. 14, Transcript, pg. 119). After the town planner's confirmation, the Koritzs bought the property and divided it into two lots. It is unclear whether the Koritzes ever owned the property personally. (See ROR No. 14., Transcript, pp. 119-200). Two years later, Boco applied for a building permit. The issuance of that permit, P-2573, was appealed to the Board. After a hearing, the building permit was revoked because the Board found that the lot was a resubdivision without Planning and Zoning Commission (hereinafter "Commission") approval. (ROR No. 14, Transcript, pp. 119-200). After the building permit was revoked, Boco appealed the Board's decision to the superior court. (ROR No. 14, Transcript, pg. 121).
It is undisputed that on April 9, 1991, Boco's attorneys sent a letter to Petere K. Joyce, Chairman of the Commission.
Plaintiffs submit that the letter included draft minutes of a Commission meeting held on June 22, 1990, where a policy was allegedly adopted whereby "the staff would officially be authorized to determine on behalf of the Commission whether resubdivision approval was required for a division of property." (ROR No. 9, Memorandum of Appellants, 12/6/91, Exhibit B). According to the plaintiffs, the letter to Mr. Joyce also sought: (1) a letter from Joyce to the Board (or the Zoning Enforcement Officer) "confirming that the town planner has been given the right to pass upon the resubdivision question on behalf of the full commission," (2) confirmation that the town planner's decision should be given the same weight as a Commission decision, and (3) confirmation that the rulings issued by James Sandy, Town Planner, "are entitled to `full faith and credit' as pronouncements by the Commission's officially authorized agent" (ROR No. 9, Memorandum of Appellants, 12/6/91, Exhibit B). It is undisputed that senior planner, John Gessner, responded for Mr. Joyce in a letter dated May 21, 1991, and suggested that Boco file a formal application for subdivision or resubdivision approval to the full Commission. Boco then filed a package of documents (with supporting maps) with the Commission. These were then reviewed by the law department. (ROR No. 14, Transcript, pg. 127; No., Appellees Brief, pg. 8).
Boco states that John Wetmore, the assistant town attorney, reviewed not only the Board's file, but also the transcripts, CT Page 5614 arguments, and exhibits submitted by plaintiffs and concluded in a memorandum that Boco's proposal did not constitute a subdivision or a resubdivision. (ROR No. 14, Transcript, pp. 127-28). Boco states that the topic of whether its proposal constituted a subdivision or resubdivision was placed on the agenda of the Commission for review. It was noticed for three consecutive meetings (pursuant to statute), with public discussion on the matter occurring on July 16, 1991 (ROR No. 14, Transcript, pp. 128-29). The Commission determined at the July 16th meeting that subdivision approval was not required. (ROR No. 14, Transcript, pg. 146). Diane Fox, assistant town planner, sent a memorandum dated July 17, 1991 to Jeanne Schaffer, zoning enforcement officer, stating that the Commission found that the division of the lot into two lots by Boco was not a subdivision or resubdivision. (ROR No. 14, Transcript, pp. 146-47).
On August 15, 1991, Boco submitted an application for another building permit. (ROR No. 1, Building Permit Application, 8/15/91) zoning enforcement officer Jeanne Schaffer stated that because of the decision by the Commission, and because the application complied with the zoning regulations, she approved the issuance of a second building permit, P-4609, to Boco. (ROR No. 14, Transcript, pg. 147).
On November 1, 1991, plaintiffs filed an appeal of the issuance of building permit P-4609 with the Board. (ROR No. 2, Appeal to the Board No. 7617-c, 11/1/91). Notice of the public hearing to be held on December 11, 1991, was published on November 29, 1991, and December 5, 1991. (ROR No. 3, Public Notice; No. 4, Legal Notice).
Following the December 11th hearing, three members of the five member Board were of the opinion that the Zoning Enforcement Officer's action in issuing permit P-4609 was in error as the matter of the building permit P-2573 was on appeal in court. (ROR No. 17 Letter of Decision dated 12/23/91). Moreover, those same three members believed that the determination of the town-attorney and that of the Commission were not valid because of improper procedures for notice and public hearing. (ROR NO. 17, Letter of Decision dated 12/23/91). However, the appeal was denied because the affirmative vote of at least four members is required to carry an appeal. (ROR No. 17, Letter of Decision dated 12/23/91). Because the Board's action upheld the issuance of permit P-4609, an application to withdraw Boco's appeal was filed with the superior court and was granted by Judge Rush on 3/12/92. (See ROR No. 8, CT Page 5615 Memorandum of Appellees, 12/6/91, pg. 8).
In response to the Board's action, the plaintiffs filed this appeal.
The plaintiffs filed this action on December 30, 1991, alleging in paragraph twelve of the complaint that the following private actions initiated By Boco constituted an "end-run" around the requirements of General Statutes 8-26 for a public hearing:
a. The private letter of April 9, 1991, which sought confirmation from the chairman of the Commission that the town planner's decision should be given the same effect as a Commission decision;
b. Boco's refusal to file a formal application for resubdivision as requested in the May 21, 1991 letter from John Gessner, the senior Planner of the Town of Greenwich;
c. The May 28, 1991 solicitation to the town planner, seeking an appearance before the Commission as a "discussion item" in order to present their reasons for concluding that the town planner's opinion should be dispositive of the matter;
d. Boco's use of self-serving correspondence in order to elicit a favorable legal opinion from an assistant town attorney without providing any of the parties to the appeal of permit P-2573 with copies of such correspondence or an opportunity to be heard;
e. Boco's private request of the Zoning Enforcement Officer to reinstate the revoked permit in a manner that would not only preclude the parties from ascertaining such action had taken place, but would also effectively reverse the prior decision of the Board. (Plaintiffs' Complaint, para. 12.).
The plaintiffs further allege in paragraph thirteen that the conduct of the Zoning Enforcement Officer in issuing permit P-4609 and ignoring the decision of the Board on permit P-2573 was beyond the scope of her authority and done in contravention of a specific finding by the Board that the division of property was a resubdivision requiring subdivision approval, which she knew had not been obtained. (Plaintiffs' Complaint, 12/30/91, para. 13).
The plaintiffs finally allege in paragraph 15 of their complaint that the action of the Board in refusing to revoke the CT Page 5616 reinstated or reissued building permit was illegal, arbitrary, and an abuse of its discretion in that:
a. It purported to validate an action of the zoning enforcement officer which was itself void as having been undertaken without a public hearing in contravention of the General Statutes.
b. The action of the Board was, in effect, an unlawful delegation of its authority to the Law Department of the Town of Greenwich, the zoning enforcement officer and/or the Commission.
c. By its decision, the Board sanctioned the reinstatement of a permit by utilization of various private solicitations designed to deprive the public and the parties affected by such conduct with an opportunity to present their side of the issue in violation of General Statutes 8-26 and various regulations of the Town of Greenwich and in further violation of the parties' constitutional rights of substantive and procedural due process and the guarantee of equal protection afforded by our state and federal constitutions.
d. The action of the Board was illegal and arbitrary in that any action or decision of the Commission upon which it relied in sanctioning the reinstatement of the initial permit was undertaken without the filing by the applicant of a formal resubdivision application and without the applicant's compliance with related procedural safeguards as specifically directed in a letter dated May 21, 1991 by the Commission.
e. The action of the Board validated the conduct of the Zoning Enforcement Officer, which usurped the authority of the Board, and the superior court who has the statutory obligation to oversee the disposition of appeals pending before it.
f. The action of the Board was undertaken without a finding that there was a material change in circumstances warranting reversal of its prior decision that the division of the Boco property was a resubdivision (Plaintiffs' Complaint, 12/30/91, para. 15).
The defendants Boco Enterprises, Inc. and Clark M. Whittemore, Jr. filed an answer on August 6, 1992. The Board filed an answer on August 11, 1992.
The plaintiffs' brief was filed with the court on June 22, CT Page 5617 1992. Boco filed its brief on July 22, 1992. The Board adopts the brief of Boco dated July 22, 1992. (See filed #111, 7/22/92). A hearing was held before the court on January 20, 1993.
AGGRIEVEMENT
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning and Zoning Commission 219 Conn. 303, 307, 592 A.2d 953 (1991). "The question of aggrievement is essentially one of standing." DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373,573 A.2d 1222 (1991). Unless the plaintiff alleges and proves aggrievement, his or her appeal must be dismissed. Id. "Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement." Smith v. Planning and Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128
(1987).
At the hearing, plaintiffs introduced into evidence certified copies of deeds which establish that: (1) Defendants Boco Enterprises, Inc. and Clark M. Whittemore, Jr., Trustee, are the owners of a certain tract of land located on the westerly side of Cathlow Drive which is the subject matter of the instant appeal. (Plaintiffs' Exhibit #4-5; see also ROR, No. 14. Transcript, pg. 118); (2) Plaintiffs Richard Radcliff and Mary Radcliff are owners of a certain tract of land which abuts the Boco property (Plaintiffs' Exhibit #3); (3) Plaintiffs Richard Lannamann and Margaret Lannamann are the owners of certain tracts of land located on the easterly side of Cathlow Drive (Plaintiffs' Exhibit #1).
Since plaintiffs' Exhibit #3 establishes that Richard and Mary Radcliff not only own their respective parcel, but also establishes that their parcel abuts the property owned by Boco, it is found that plaintiffs Richard and Mary Radcliff are aggrieved and are entitled to bring this appeal.
Timeliness
A party taking an appeal must do so by commencing service of process within fifteen days from the date that notice of the decision was published. General Statutes 8-8 (b). In the instant case, notice of the Board's decision was published in the Greenwich Time on December 23, 1991. (ROR #16, Public Notice of Decision, CT Page 5618 dated 12/23/91). On December 31, 1991, plaintiffs served process upon: Rowland Harris, who accepted service as Town Clerk of Greenwich, and Rowland Harris, Town Clerk, who accepted service for the Board. On January 7, 1992, plaintiffs served process on Paul Lynch, as Chairman of the Board; Bjorn Koritz for Boco Enterprises, Inc., and Clark M. Whittemore, Jr., as Trustee. (See Sheriff's Return). Therefore, the plaintiffs' appeal is timely.
Scope of Judicial Review
The Board is endowed with liberal discretion, and its' decision will not be disturbed unless it is found to be unreasonable, arbitrary, or illegal. Spero v. Zoning Board of Appeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). Upon appeal, the trial court reviews the record before the Board to determine whether it has acted fairly or with proper motives or upon valid reasons. Id. The burden of proof is on the plaintiff to demonstrate that the Board acted improperly. Id.
"It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint" (Citations omitted.) Lamb v. Burns, 202 Conn. 158, 172, 520 A.2d 190 (1987). Also, issues not briefed are considered abandoned. State v. Ramsundar, 204 Conn. 4, 16, 526 A.2d 1311 (1987).
Substantive Analysis
I Plaintiffs' First Claim — The decision not to revoke the previously revoked, but reinstated permit, is illegal and arbitrary.
The plaintiffs first argue that once the Board has made its decision, the only time it can then reverse itself is if there has been a material change in circumstances which materially affects the subject matter of the appeal. Plaintiffs argue that pursuant to General Statutes 8-7, the Board is required to state its reasons for sustaining or reversing the order appealed from, and that a review of the decision of the Board indicates no finding of a material change in circumstances.
Plaintiffs rely on Fiorella v. Zoning Board of Appeals,144 Conn. 275, 129 A.2d 619 (1957) for the proposition that, if the Board could simply reverse itself without a proper showing, "there would be no finality to the proceeding, and the first decision would be capable of change at the whim of the agency or, worse CT Page 5619 still, through improper influence exerted on its members." Id., 279.
Plaintiffs also rely on Grace Community Church v. Planning and Zoning Commission of the Town of Bethel, 42 Conn. Sup. 256,615 A.2d 1092 (1992), where the court stated "an administrative agency that has acted on a special permit application is not allowed to reverse itself unless a change in circumstances intervenes that materially affects the merits of the case. . . ." Id. at 271. The court in Grace found no evidence of a change in circumstances from the time of a prior approval that would warrant the agency's subsequent denial of a special permit. Id. at 271-72. Based on Grace, the plaintiffs argue that a review of the decision of the Board in the instant matter reveals no findings of a change in circumstances and therefore, the appeal of the plaintiffs should have been granted for it is the identical application that had been previously denied.
Finally, plaintiffs rely on Root v. Zoning Board of Appeals,41 Conn. Sup. 218, 565 A.2d 14, (1989), where the defendant, on April 7, 1987, filed an application for a variance. The Board approved the defendant's application and the plaintiffs appealed. On November 23, 1987, the court sustained the appeal (Cretella, J.) and reversed the Board's decision. Id. at 219. On June 15, 1988, the defendant again applied to the Board for a variance. This application was identical to the one which was ultimately denied by order of the court on appeal in November of 1987. The Board again granted the application. The same plaintiffs involved in the November, 1987 action again appealed the Board's decision in granting the variance. Id. The court in Root found that the only difference between the defendant's first application which the court on appeal found should have been denied, and the second, was the passage of one year. Id. at 222-23. The court held that by granting the second application without a finding in the record of a material change in circumstances since the denial of the first application, "the board violated the established law in this state, which prohibits a zoning board of appeals from reversing its previous decision absent a material change in conditions." Id. at 223.
It is the opinion of the court that the facts of the instant appeal demonstrate that the Board did not violate the rule enunciated in the above cited cases. It is found that in the instant appeal, the change in the Commission's opinion as to whether subdivision approval was required constitutes a material CT Page 5620 change in circumstances which justifies the Board's subsequent denial of the plaintiffs' appeal.
Analogous to the present appeal is Torello v. Board of Zoning Appeals of New Haven, 127 Conn. 307, 16 A.2d 591 (1940) where plaintiff agreed to purchase a building contingent upon a change in zoning so that the building could later be used as a mortuary. The Board of Appeals granted the plaintiff's application for a change in zoning, so long as the plaintiff secured a permit from the building inspector. Id. at 308. The defendant, Grace Hospital, appealed to the superior court but failed to apply for a restraining order. Id. The plaintiff secured a building permit and, acting in good faith, began renovating the building. Id. at 309. Grace Hospital's appeal was sustained, the court holding that permission should not have been granted to plaintiff. Id. Once again plaintiff petitioned the board for permission to use the building as a mortuary. Id. The board denied the petition and the plaintiff appealed, arguing that because no restraining order was issued when Grace Hospital originally took its appeal from the original order of the zoning board, the plaintiff acquired a vested right to proceed pursuant to the original permission granted Id. Therefore, plaintiff contended that the board could not refuse to grant the second petition. Id.
The court in Torello addressed the issue of whether the board was correct in changing its decision, and stated:
 It is true that the second decision represents a change in the attitude of the board toward the granting of the plaintiff's petition, and a change in decision. . . It should not ordinarily be permitted to review its own decisions and revoke action once duly taken . . . the board had before it an important new fact, the action of the Superior Court in holding that the permission was improperly granted . . . the board had before it a communication from the corporation counsel stating that the decision of the Superior Court was based upon the failure of the board to find . . . unnecessary hardship prerequisite to the granting of the permission. An accurate statement of the principles of law governing the case followed. The situation is this — permission was granted by the board, and several months later a new petition was filed. The board held a hearing and found that the Superior Court had decided that CT Page 5621 permission had been improperly granted.
Id. at 311-12.
Plaintiff's appeal in Torello was denied because the superior court later found that the absolute right of appeal exercised by Grace was not contingent upon a securing of a restraining order, therefore, "the plaintiff acquired no vested right to act under the permission originally granted by virtue of the fact that no restraining order was obtained." Id. at 310. See also Middlesex Theater, Inc. v. Hickey, 128 Conn. 20, 20 A.2d 412 (1941) (decision of the superior court created a new and material circumstance warranting a change in decision).
Even though Torello involved the granting of a zoning change followed by a subsequent revocation, as opposed to the revocation of a building permit followed by a subsequent granting, it is said that Torello holds that an intervening superior court decision which contradicts or reverses the zoning authority's initial decision is sufficient to constitute a material change in circumstances which allows the zoning authority to reverse or change its initial decision when acting on a subsequent application. Likewise, the important inquiry in the present case is whether a material change occurred which would enable the Board to reverse its prior decision revoking Boco's building permit.
Generally, an administrative agency cannot reverse a previous decision unless there has been a change of conditions or other circumstances have arisen which materially affect the merits of the matter decided. Frillo v. Zoning Board of Appeals, 206 Conn. 362,367, 537 A.2d 1030 (1988). This is true, however, only when the subsequent application seeks substantially the same relief as that sought in the previous application. Id. It is for the zoning authority, not the court, to determine whether the new application is substantially the same as the earlier application. Fernandes v. Zoning Board of Appeals, 24 Conn. App. 49, 54, 585 A.2d 703 (1991), cert. granted, 218 Conn. 909 (1991). The court is limited to determining whether the Board's findings of material change or lack thereof is supported by the record. Id.
"A reviewing court may only consider the reasons given by the zoning authority to determine whether the record and the application of the zoning regulations support these reasons." Anastasia v. Zoning Commission, 6 Conn. App. 278 283, 505 A.2d 8
(1986). In the instant case the Board's decision stated in part as CT Page 5622 follows:
 Mrs. Hopkins, Mr. Lynch, and Mr. Manuel voted to grant the appeal. Messrs. Rader and Frattarola supported the action of the Zoning Enforcement Officer.
 Since the affirmative vote of at least four members is required to carry an appeal, the application is denied.
(ROR No. 17, Letter of decision dated 12/23/91 from Planning and Zoning Board of Appeals of the Town of Greenwich).
The defendants argue that the Board had ample support in the record for the conclusion that the second building permit should be upheld due to a change in circumstances, to wit: (1) the decision in Guthrie v. Planning Zoning Board of Appeals, No. 90-0108099-S (Super.Ct., July 17, 1991, Leheny, J.) with supporting Amici Memorandum submitted by the Greenwich Law Department, which clarified the definition of "resubdivision" contained in the Greenwich Subdivision Regulations (ROR No. 8, Memorandum of Appellees, 12/6/91, Exhibit 8, Exhibit 15, respectively); (2) the Greenwich Law Department's declaration that there existed no subdivision or resubdivision situation (ROR No. 8, Memorandum of Appellees, 12/6/91, Exhibit 5); (3) the finding of the Commission that "the lot split of Boco Enterprises does not constitute a subdivision or resubdivision of the property." (ROR No. 8, Memorandum of Appellees, 12/6/91, Exhibit 7) and; (4) the decision in Edwards v. West Hartford Zoning Board of Appeals, No. 70-04-84 (June 29, 1990, Purtill, J.) (ROR No. 8, Memorandum of Appellees, Exhibit 16) where the issue was whether or not the division of land in question was a resubdivision. Resolution of the issue in Edwards depended upon whether the map filed constituted a map of an approved or recorded subdivision pursuant to General Statutes 8-18.
The Edwards court held that the map submitted by the defendant was originally filed in the land records of the Town of West Hartford in 1919, well before the adoption of subdivision regulations. Therefore, the map could not be considered a subdivision or resubdivision pursuant to General Statutes 8-18. only maps recorded after the adoption of subdivision regulations for the purpose of "sale or building development" would require subdivision approval.
Since the zoning authority has not provided the reasons for CT Page 5623 its decision, the court must review the record to determine whether the decision is supported thereby. A P Holding Corp. v. Planning and Zoning Board, supra.
Boco argues in its brief that it submitted two superior court cases to the Board, namely, Guthrie v. Planning and Zoning Board of Appeals, supra, and Edwards v. West Hartford Zoning Board of Appeals, supra, (ROR No. 8, Memorandum of Appellees, 12/6/71, pgs.18-19), and on the strength of these cases, Boco's counsel reviewed with the Board each of the four maps submitted by the appellants, explaining why none of those maps could give rise to a resubdivision (ROR No. 14, Transcript, pgs. 141-46). Boco argues that this presentation of law demonstrates that a change of circumstances had occurred which justified a different outcome from the first appeal. (ROR No. 14, Transcript, pg. 146).
At the hearing on the present appeal, Jeanne Shaffer, the zoning enforcement officer, testified that "there has been a material change in circumstances. Namely, the planning and zoning commission has decided that this lot split is not a subdivision nor a resubdivision. The Commission, which is the sole body to determine whether a division of land is a subdivision or a resubdivision, has officially ruled following the procedure which is acceptable at the time." (ROR No. 14, Transcript, pgs. 149-50). The zoning enforcement officer, in reissuing the building permit to Boco, treated the foregoing evidence submitted by Boco, including the Commission's determination, as her authority for doing so. By relying on the Commission's pronouncement that Boco's division of property did not require subdivision or resubdivision approval, the zoning enforcement officer had not acted arbitrarily, unreasonably, or illegally.
Therefore, the court finds that the change in the Commission's opinion of Boco's proposed lot split constituted a material change in circumstances which justified the board's changing of its decision.
II Plaintiffs' Second Claim — The reinstatement was an unlawful usurpation of the authority of the Board.
The plaintiffs argue that the Board, as opposed to the Commission, the town attorney or the zoning enforcement officer, is the final authority of the Town of Greenwich with respect to subdivisions and resubdivisions. The plaintiffs argue that until there was a reversal by the Board of its prior decision based on a CT Page 5624 material change in circumstances, the Board's decision in revoking the permit should have been followed by the zoning enforcement officer. Plaintiffs rely on Caserta v. Zoning Board of Appeals of Milford, 23 Conn. App. 232, 580 A.2d 118 (1991) for the proposition that it is the Board which has the final administrative authority in the area of issuing a new permit or reinstating an old one. Based on Caserta, plaintiffs contend that the zoning enforcement officer violated the Board's holding in the first appeal by agreeing to issue or reinstate the building permit to Boco.
The appellate court's decision in Caserta has been reversed by the Connecticut Supreme Court in Caserta v. Zoning Board of Appeals of Milford, 219 Conn. 352 (1991). A review of the facts of Caserta reveals that the plaintiff was issued a zoning permit by the zoning enforcement officer, who subsequently revoked the permit pursuant to an order to do so by the chairman of the planning and zoning board. Id. at 353. The planning and zoning board believed that the plaintiff's use of the property was a violation of zoning regulations. Id. 356. The plaintiff then appealed that revocation to the board of appeals. Id. The board of appeals denied the appeal and upheld the revocation. The plaintiff appealed the board of appeals' decision to the superior court, which sustained his appeal. Id.
The board of appeals then appealed to the appellate court, which held that the board of appeals lacked subject matter jurisdiction to uphold the revocation of the permit. Id. Our supreme court stated the appellate court's conclusions as follows:
 The revocation of the permit at the direction of the planning and zoning board was void, and, regardless of its scope of review, the board of appeals was powerless to affirm a void act." [Caserta v. Zoning Board of Appeals, 23 Conn. App. at 234]. The Appellate Court reasoned that the planning and zoning board lacked a veto power over decisions of the zoning enforcement officer because "General Statutes 8-7
vests the power to review decisions of the zoning enforcement officer in the zoning board of appeals, not the planning and zoning board." Id., 235. Therefore, the court stated, the order of Marino, as chairman of the planning and zoning board, to revoke the permit "usurped the appellate jurisdiction vested by law in the zoning board of appeals, and was, accordingly, void." Id.
CT Page 5625
. . .
 The Appellate Court further concluded that "[i]f [the ZEO] had revoked the permit in the good faith belief that it has been erroneously issued, issued under false pretenses, or violated by subsequent acts of the applicant — in other words, if he had revoked the permit in the good faith discharge of his office — the board of appeals, hearing de novo an appeal from such a revocation, would wield that same authority to remake the decision `as in its opinion' . . . ought to have been made." Id., 236-37. It was the Appellate Court's view, however, that [the ZEO] had "used the authority of his office for the invalid purpose of carrying into effect a void and illegal decision of the planning and Zoning board"; id., 237; and that as such, his action was outside his scope of authority, rendering the zoning board of appeals without authority to affirm that action. Id.
Caserta, 219 Conn. at 357-58.
Reversing the appellate court's decision, the supreme court held that the board of appeals had jurisdiction to hear an appeal from the revocation of a zoning permit. Id. at 362-63. "There is no question that the revocation of the permit . . . was an `order' within the scope of General Statutes 8-6 . . . and that the proceedings before the board constituted an appeal from that order." Id. 359. "[T]here is nothing in the zoning statutes defining the jurisdiction of zoning boards of appeals to suggest that the motives of the zoning enforcement officer whose decision is the subject of an appeal affect the board's jurisdiction." (Citations omitted.) Id. 361.
 [T]he question of whether the planning and zoning board, or . . . its chairman, had the authority to order [the ZEO] to revoke the permit was irrelevant to the board's subject matter jurisdiction over the plaintiff's appeal from that revocation. The issue before the board was whether the plaintiff was entitled to the permit, not whether [the ZEO] had acted with improper motives in revoking it. The Appellate Court improperly injected a subject matter jurisdiction analysis that was not pertinent to the case.
CT Page 5626
(Footnote omitted.) Id., 362-63.
In the instant case, the zoning enforcement officer's issuance of permit P-4609 was an order appealable to the Board under 8-6. See id., 359. Furthermore, the zoning enforcement officer testified that she issued permit P-4609 on the basis of what she determined was a change in circumstances, namely the confirmation by the Commission that subdivision approval was not required. (ROR No. 14, Transcript, pp. 149-50). It has already been found that the record supports a finding of a material change in circumstance due to the Commission's declaration that Boco's lot split did not require subdivision approval. The Commission, not the Board, has the authority to determine whether a division of land constitutes a subdivision approval. The Commission, not the Board, has the authority to determine whether a division of land constitutes a subdivision or resubdivision. General Statutes 8-26.
Therefore, it is the opinion of the court that neither the zoning enforcement officer or the Commission usurped the authority of the Board.
III Plaintiffs' Third Claim — Any official action of the Commission on Boco's "non-application" without a public hearing is void.
Plaintiffs argue that any plan for subdivision or resubdivision, including any request for a finding that a division of land does not constitute a subdivision or resubdivision, requires action by the full commission after submission of a formal application, pursuant to General Statutes 8-26, which provides:
 Approval of subdivision and resubdivision plans. Waiver of certain regulation requirements. Applications involving inland wetlands and watercourses. All plans for subdivisions and resubdivisions, including subdivisions and resubdivisions in existance [existence] but which were not submitted to the commission for required approval, whether or not shown on an existing map or plan or whether or not conveyances have been made of any of the property included in such subdivisions or resubdivisions, shall be submitted to the commission with an application in the form to be prescribed by it. The commission shall have the authority to determine whether the existing division of any land constitutes CT Page 5627 a subdivision or resubdivision under the provisions of this chapter, provided nothing in this section shall be deemed to authorize the commission to approve any such subdivisions or resubdivision which conflicts with applicable zoning regulations . . .
Plaintiffs further argue that without the application process, the statutory and constitutional requirement for public notice and hearing cannot be met. Plaintiffs contend that in the present case the Commission's direction to Boco to file a formal application (ROR #9, Memorandum of Appellants, 12/6/91, Exhibit C) was ignored. Thus, action was taken by the Commission without a public hearing and notice as required for actions on resubdivisions.
Initially, it should be noted that this action was commenced by the plaintiffs as an appeal pursuant to General Statutes 8-8
from the Board's denial of an appeal from the decision of the zoning enforcement officer, and not as an appeal from the action of the Commission. If plaintiffs wanted to challenge the action of the Commission, it should have appealed that decision to the superior court. However, plaintiffs claim that the Commission's action is void. Presumably, then, they also claim that the void action cannot be relied on by the zoning enforcement officer or the Board.
The Commission accepted Boco's application to appear before the Commission in order to discuss why, in Boco's view, the division of the property did not constitute a subdivision or a resubdivision. This fact is reflected by the Commission placing on its' agenda "Property Lot Division (Free throw) Interpretation" (ROR No. 14, Transcript, pp. 128, 146-47). Boco contends that public notice of the agenda was given on five occasions by posting notice in the town clerk's office pursuant to state law (ROR No. 8, Memorandum of Appellees, 12/6/91, Exhibit 13). Boco argues that at its July 16th meeting, the Commission reviewed the town attorney's opinion and heard a presentation by Boco's counsel.
According to the zoning enforcement officer, the Commission determined at the July 16th meeting that the division of property did not require subdivision or resubdivision approval. (ROR No. 14 Transcript, pg. 146). General Statutes 8-26 states, "The commission shall have the authority to determine whether the existing division of land constitutes a subdivision or resubdivision . . ." Section 8-26 further states, "The commission may CT Page 5628 hold a public hearing regarding any subdivision proposal if, in its judgment, the specific circumstances require such action."
Regarding plaintiffs' argument that the Commission was required to hold a public hearing to determine whether the application was for a subdivision or resubdivision, Swensson v. Planning Zoning Commission, 23 Conn. App. 75, 579 A.2d 113 (1990) provides useful insight. The defendant in Swensson applied to the Commission for a subdivision of land. Id. at 76. The plaintiff claimed that the defendant's application constituted a subdivision which required a public hearing. Id. The Commission considered whether to hold a public hearing. Id. at 77. On two separate occasions the Commission, on the basis of new information, convened and decided that the application did not constitute a resubdivision and that a public hearing would not be required. Id. The defendant's application was granted and the plaintiff appealed, arguing, inter alia, that the Commission was required to hold a public hearing on the defendant's application. Id. at 78. The court in Swensson held that "General Statutes 8-26 provides that the Commission may hold a public hearing regarding any subdivision proposal if in its judgment the specific circumstances require such action. The commission was within its statutory authority to determine that no public hearing was necessary." Id. at 78-79.
It is found that the conclusion that the proposed division was not a subdivision or resubdivision, as discussed by the members of the July 16, 1991, meeting, was well within the province of the Commission as enunciated in General Statutes 8-26. Likewise, it is found that the Commission also acted within its statutory authority by not holding a public hearing.
The Commission concluded that the Building Department should be advised that the proposed division was not a subdivision or resubdivision. (ROR No. 7, letter dated 11/6/91 from Charles Coates to John Wetmore, Assistant Town Attorney). Based upon new information that was not before the Board when it revoked the first permit, the zoning enforcement officer issued the new building permit. (ROR No. 7, letter dated 11/6/91 from Charles Coates to John Wetmore, Assistant Town Attorney). On appeal to the Board, the zoning enforcement officer's issuance of building permit #4609 was upheld. Based on the foregoing, it is the opinion of the court that the Board's decision in upholding the issuance of permit #4609 was proper.
IV Plaintiffs' Fourth Claim — Boco's private action in CT Page 5629 submitting communications to the commission constituted an "end run" around 8-26 in violation of the parties' constitutional rights of procedural due process . . .
The plaintiffs' complaint and supplemental memorandum is replete with allegations that the Board, by its — decision, sanctioned the reinstatement of the permit by utilization of various private solicitations directed to the Commission, which were designed to deprive the public and the parties affected with an opportunity to present their side of the issue in violation of the plaintiffs' constitutional rights of substantive and procedural due process.
Due process "is not a technical conception with a fixed content unrelated to time, place, and circumstances." Williams v. Bartlett, 189 Conn. 471, 476, 457 A.2d 290 (1983), quoting Cafeteria Restaurant Workers Local 473 v. McElroy, 367 U.S. 886,895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). Rather, it is a flexible doctrine, requiring "such procedural protections as the particular situation demands." Williams v. Bartlett, supra, quoting Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2 593,33 L.Ed.2d 484 (1977). "The ultimate balance involves a determination as to when, under our constitutional system, judicial type procedures must be imposed upon administrative action to assure fairness." Scinto v. Stamm, 224 Conn. 524, 535, ___ A.2d ___
(1993), quoting Matthews v. Eldridge, 424 U.S. 319, 348,96 S. Ct 893, 47 L.Ed.2d 18 (1976).
Plaintiffs argue that Boco, through its attorneys, attempted to circumvent the Board's first decision by conducting private solicitations to staff members of the Commission. However, plaintiffs' argument of deprivation of due process before the Commission is unpersuasive. To reiterate, the present action is not an appeal from the action of the Commission, but is an appeal from a Board's decision upholding the Zoning Enforcement Officer's reissuance of a building permit. Furthermore, as previously found, the Commission, pursuant to Section 8-26, has authority to determine whether a division of property constitutes a subdivision or resubdivision without a hearing. Moreover, the plaintiffs have not provided authority that, under the facts of this case, constitutional safeguards are implicated.
Based on the foregoing, it is also found that plaintiffs have failed to demonstrate that their due process claim concerning the Commission is a sufficient basis on which to sustain this appeal CT Page 5630 from the Board's decision.
The appeal is dismissed.
RYAN, J.