[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Harold J. Daw and Meryl K. Daw, filed with this court an administrative or record appeal of a decision by the Zoning Board of Appeals (board), of the town of Westport, hereinafter referred to as the defendant. In that decision dated October 27, 1997, the defendant board granted application number 5463 by Totney B. Benson, hereinafter referred to as the applicant, for a variance of the front and side setback requirements and of the limitations as to the number of stories of the Westport zoning regulations to permit a three story addition to her home at 17 Buena Vista Drive, Westport.[1]
CT Page 13155 The proposed addition consisted of a garage at ground level and two stories above that garage.
The subject property, which consists of approximately 14,000 square feet or one-third of an acre, is in the Residence AA zone (one acre). The lot is legally nonconforming as to area, however, because the regulation regarding minimum acreage was enacted after the defendant purchased her property in 1979. This nonconformity in turn affects the requirements for side setback and height which would otherwise exist for the AA zone and provides for special regulations. Chapter 6-3 of the Westport zoning regulations provides that "an addition to an existing structure on a non-conforming lot shall comply with all applicable requirements of the zoning district in which it is located, except for setbacks." According to section 6-3.1 of the regulations, nonconforming lots having between 10,890 and 21,779 square feet, as do the subject premises, must have a minimum 10 foot side setback. The applicant proposed a setback of 6.3 feet. Furthermore, as to height, section 6-3.3 of the regulations provides that if a lot has "gross lot area less than the required minimum gross lot area for that zone," the maximum height is two stories when the property has between 10,890 and 21,779 square feet. The applicant, whose home has two stories, sought a variance to permit three stories.
The applicant also sought a variance of section 12-4 of the regulations pertaining to a required front yard setback of 30 feet, and a variance of the maximum height of 26 feet to permit the installation of air conditioning on her roof. This latter request was subsequently withdrawn. In addition, the applicant sought to "legalize" the reconstruction of foundation walls and to construct two decks above these walls.
The applicant's lot fronts on two other streets, Compo Hill Avenue and Sterling Drive, in addition to Buena Vista Drive. The proposed three story addition would not project any closer toward the side lot line, or be any higher than the current height of the existing house. The existing side yard on the north side of the house, where the addition is proposed, is 6.3 feet from the property line to the north, where the plaintiffs reside, instead of the required 10 feet.[2] Near the front of the house the present side yard is only about two feet from the property line.
The ZBA held a public hearing on October 14, 1997, and in a decision dated October 27, 1997, it granted the application for CT Page 13156 variances. The plaintiffs then appealed to this court, pursuant to General Statutes § 8-8(b). The plaintiffs allege in their revised appeal dated September 18, 1998, among other things, that the applicant failed to demonstrate unusual hardship and exceptional difficulty, and that the applicant sought an illegal expansion of a nonconforming building. At a hearing held by this court on June 30, 1999, the plaintiffs were found to be aggrieved pursuant to General Statutes § 8-8 (a)(1), and hence to have standing to pursue this appeal, as they own property at 15 Buena Vista Drive, which is adjacent to and abuts the subject premises.
Under General Statutes § 8-6 (a)(3) a zoning board of appeals may "vary the application of the zoning . . . regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such . . . regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."
Section 3.2 of the Westport zoning regulations contains criteria for granting variances which are similar to General Statutes § 8-6 (a)(3), viz., a variance is permitted "solely with respect to a parcel of land where owing to conditions especially affecting such parcel of land but not affecting generally the district in which it is situated, a literal enforcement of such zoning regulations would result in exceptional difficulty or unusual hardship. "
The Supreme Court in Reid v. Zoning Board of Appeals,235 Conn. 850, 670 A.2d 1271 (1996), reviewed the law pertaining to variances, which it described as "well-settled." Id., 856. "Section § 8-6 (a)(3) provides in relevant part that a zoning board of appeals may determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where,owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusualCT Page 13157hardship. . . . A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone . . . Variances cannot be personal in nature, and may be based only upon property conditions. . . . In fact, we have stated that [p]ersonal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance . . . "(Citations omitted; internal quotation marks omitted.) (Emphasis in original) Id., 856-57.
The first issue in this appeal is whether the doctrines of res judicata or collateral estoppel are applicable to this case. On August 26, 1997, this court sustained an appeal by the same plaintiffs involving the same property. In application number 5190, filed in 1995, the applicant had sought and received from the defendant agency a variance identical to that sought and received in this case in order to construct the same three story addition. In sustaining the appeal, this court determined that the applicant did not demonstrate to the defendant sufficient hardship to warrant the granting of a variance. The prior case bears docket number CV 95-0148853. The applicant did not appeal that decision by seeking certification from the Appellate Court. General Statutes § 8-8(o). Instead the applicant filed a new application with the defendant agency seeking the same relief, except as hereinafter indicated.
The plaintiffs claim that the applicant is precluded from filing a new application and the defendant is precluded from granting the application for the same variance relating to the three story addition because of the doctrines of res judicata and/or collateral estoppel. Res judicata, or claim preclusion, refers to "a final judgment [which] when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them. In contrast, collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." Dowling v. Finley Associates, Inc., CT Page 13158248 Conn. 364, 373-74, 727 A.2d 1245 (1999).
The plaintiffs cite Root v. Zoning Board of Appeals,41 Conn. Sup. 218, 565 A.2d 14 (1989), a decision by Judge Burns in New Haven Superior Court, as authority that res judicata and/or collateral estoppel is applicable. The case is obviously not binding on this court, but the reasoning is persuasive and the case is very much on point. The defendant board granted an application for a variance. The plaintiffs appealed. "Judge Cretella sustained the appeal and reversed the board's decision." Id., 219. The applicant did not appeal that decision but instead went back to the board of appeals with the same application and the variance was again granted. The same plaintiffs appealed and argued, among other things, "that the decision by Judge Cretella barred any further consideration by the board of the hardship issue." Id. Judge Burns noted that the previous decision was a "final judgment on the merits. The parties to the previous appeal are the same as in this matter. The relief sought . . . and granted by the board was identical, as was the parcel of land affected." Id. Judge Burns ruled that the action of the board was barred by the previous decision of Judge Cretella. "His decision was a final judgment. He noted that `the record [was] totally devoid of and finding of hardship on the part of the applicant and on that basis alone the actions of the [zoning board of appeals] should be reversed.' The principle of res judicata applies to the issue of lack of hardship in the present matter and cannot be reviewed by this court." Id., 224
As authority, Judge Burns cited Wade's Dairy, Inc. v.Fairfield, 181 Conn. 556, 436 A.2d 24 (1980). While the case involve an injunction and not the reversal of a variance granted by a zoning board of appeals, the case lends itself to the interpretation relied upon by Judge Burns. The zoning enforcement officer issued a cease and desist order to the plaintiffs. The plaintiffs appealed that order to the Fairfield zoning board of appeals, which sustained the issuance of the cease and desist order. The plaintiffs appealed and the board's decision was upheld. The plaintiffs' petition for certification "for appeal was denied. The plaintiffs then went back to the board of appeals and sought a variance to permit the exact use already rejected by the board and the court. This application was denied. "The cause of action that the plaintiffs are asserting is the same as that upon which they relied in their appeal from the zoning board of appeals' refusal to modify the cease and desist order and in their appeal from the zoning board of appeals' denial of their CT Page 13159 application for a variance." Id., 560-61. The Supreme Court concluded by deciding that "the plaintiffs' action for an injunction is barred by the doctrine of res judicata." Id., 561.
In the present case, the applicant against sought a three story addition with respect to which this court had previously decided on the merits that the applicant lacked "hardship. " That finding, which was not appealed, bars, under the doctrine of res judicata and/or collateral estoppel, the action of the defendant board granting the same variance for the same proposed addition. There is no question that the same relief was sought because the applicant at the public hearing stated that she was applying to the defendant for a variance to construct "the same addition we received approval for in 1995."
It is also true that both the applicant and the defendant board have marshaled some new arguments or claims in this present appeal, but it is well established that res judicata and collateral estoppel apply not only to any claims actually made, but also to claims or causes of action "which might have been made." Wade's Dairy, Inc. v. Fairfield, supra, 181 Conn. 560. Reference is made to the contention of the applicant that she really did not need a variance to erect the three-story addition because of a variance received from the defendant in 1959.[3]
This same claim could have been asserted in the earlier case in this court but was not and therefore is also barred by the above cited doctrines.[4]
As noted previously, in her 1997 application to the defendant board the plaintiff sought other relief pertaining to replacement of foundation walls and the construction of two decks above such walls. These requests are not barred by res judicata or collateral estoppel because they were not part of the 1995 application.
The issue pertaining to these two applications is therefore the usual one of deciding whether the defendant board acted "arbitrarily, illegally or unreasonably." Wnuk v. Zoning Board ofAppeals, 225 Conn. 691, 695-96, 626 A.2d 698 (1993). As to the standard of review for this court to employ in reviewing the granting of a variance, it was held in Jaser v. Zoning Board ofAppeals, 43 Conn. App. 545, 684 A.2d 545 (1996), that "[i]t is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably CT Page 13160 and fairly made after a full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. . . . The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its. . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Citations omitted; internal quotations omitted.) Id., 547-48.
As to the phrase "substantial" basis or evidence, it is defined in Rackowski v. Zoning Commission, 53 Conn. App. 636,733 A.2d 862 (1999), as "that which carries conviction. It is such evidence as a reasonable mind might accept as adequate to support a conclusion. It means something more that a mere scintilla and must do more than create a suspicion of the existence of the fact to be established. Such evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Citations omitted; internal quotations omitted) Id., 641-42.
In this case, the defendant board in its decision dated October 27, 1997 stated that it had found "exceptional difficulties or unusual hardships" for the following reasons: "buildable area of the lot is very small; unusual slope of the lot; in keeping with the other construction of the neighborhood; three sides of lot affected by front setback restrictions; existing location of the house; noise of roof top mechanicals is moved away from setbacks and neighbors; value of the neighboring properties not adversely affected; views from neighboring properties not adversely affected; variances in effect since 1959, ZBA cannot reverse prior decision to grant variances; and variances in effect when Benson's (sic) bought property."
The court's task is to see whether there is substantial evidence in the record to justify the defendant's decision regarding the foundation walls and decks. It is well established that the validity of any one of the reasons proffered by the agency suffices to justify its decision. Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 208, 658 A.2d 559 (1995). The applicant talked about variances for the foundation walls and decks, and why they were justified.[5] The defendant obviously found her testimony to be credible. For this court to find otherwise violates the prohibition against substituting the court's judgment for that of the board. CT Page 13161
Therefore, the appeal of the plaintiffs is sustained and the decision of the defendant is reversed as to the proposed three story addition, and the appeal is dismissed with respect to the variances granted for replacing the foundation walls and decks. No costs are to be taxed.
So Ordered.
Dated at Stamford, Connecticut, this 30th day of September, 1999.
William B. Lewis, Judge